# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI RODRIGUEZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3-07-cv-200 (WWE) |
| | : | |
| NICHOLAS A. CALACE, individually | : | |
| and in his official capacity as | : | |
| Executive Director; BERNAVIN | : | |
| ARMSTRONG, individually and in | : | |
| his official capacity as Director | : | |
| Of Management, and THE | : | |
| BRIDGEPORTHOUSING AUTHORITY, | : | |
| Defendants. | : | |

## RULING ON DEFENDANTS' MOTION TO DISMISS

This case concerns alleged harassment based on gender and religion that plaintiff Lori Rodriguez experienced while employed at the Bridgeport Housing Authority ("BHA"). Plaintiff, an African American woman of Christian faith, alleges gender and religious discrimination in violation of Title VII and the Connecticut Fair Employment Practices Act ("CFEPA") (counts one and three) against the BHA; retaliation in violation of Title VII and CFEPA (counts two and four) against the BHA; and violations of equal protection pursuant to Section 1983 (counts five, six, seven and eight) against Bernavin Armstrong and Nicholas Calace.

Defendants move to dismiss counts one and three. For the following reasons, the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the complaint as true.

On February 26, 2006, Plaintiff filed her charge of discrimination against defendants with the Connecticut Commission on Human Rights and Opportunities ("CCHRO").

On November 7, 2006, plaintiff received a release of jurisdiction from the CCHRO.

In her position at BHA, plaintiff reported to defendant Bernavin Armstrong, Director of Property Management. She alleges various acts of sexual harassment by Armstrong commencing in 2000. She also alleges that Armstrong engaged in sexually-oriented conversation that she found offensive due to her status as a celibate Christian. Armstrong also criticized Rodriguez' performance to other BHA employees and property site managers, claiming that Rodriguez did not provide adequate assistance, was difficult and missed important deadlines.

In March 2001, plaintiff reported Armstrong's behavior to Human Resources and BHA's Executive Director. However, no record of such report was placed in her personnel file. From 2001 to 2005, Rodriguez spoke to Human Resources several times regarding Armstrong's behavior but was informed that she should try to get along with him. In September 2005, she was told to submit a statement about him.

Between June 2003 and October 2004, Rodriguez approached Armstrong's supervisor, Olive Harbor, because Armstrong was threatening to demote Rodriguez or transfer her to another job. Harbor told her that she would be fired if she made any additional reports regarding Armstrong's sexual harassment.

In 2004, Rodriguez continued to sexually harass Rodriguez and ridicule her religious beliefs.

In August 2005, Armstrong grabbed Rodriguez around the neck in a chokehold and kissed her neck. Rodriguez pushed and hit him so that she could get away from him. She shouted that if he touched her again she would kill him.

On September 12, 2005, Armstrong informed her that he would "get rid" of her. That day, he assigned her a task to conduct a site visit, which Rodriguez viewed as a retaliatory act for refusing to engage in sexual relations. The next day, Rodriguez complained to Human Resources about Armstrong, and she filed a grievance against him.

After filing the grievance, plaintiff was replaced in her job and transferred to various positions. Due to employment-related stress, plaintiff took a leave of absence.

The BHA appointed counsel to investigate Rodriguez' complaint. The investigators determined that Armstrong had engaged in conduct that denigrated Rodriguez sexually and offended her religion.

Armstrong has since left the BHA. However, the current BHA Executive Director Nicholas Calace has also retaliated against Rodriguez for complaining about Armstrong. His retaliatory conduct includes refusing Rodriguez' request to take paid medical leave.

Recently, Rodriguez became sick at work and was not permitted to leave for medical care. After completing her shift, she was taken to Bridgeport Hospital, where she was informed that she had suffered a stroke. To date, Rodriguez is unable to walk without assistance.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Igbel v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Time Bar

Defendants argue that many of plaintiff's allegations of discriminatory conduct described in counts one and three are time barred. Specifically, plaintiff's Title VII allegations pertaining to conduct that occurred prior to March 2, 2005 (300 days prior to plaintiff's Equal Employment Opportunity Commission filing on February 26, 2006) are barred; and plaintiff's CFEPA allegations pertaining to conduct prior to August 29, 2005 (180 days prior to plaintiff's February 26, 2005 CHRO filing) are barred.[1]

---

[1] The relevant time limitations to Title VII and CFEPA differ. However, the Court reviews the Title VII and CFEPA claims together since federal precedent concerning employment discrimination is applicable to Connecticut's anti-discrimination statute. See Levy v. Commission on Human Rights and Opportunities, 236 Conn. 96, 103 (1996).

To sustain a claim for unlawful discrimination under Title VII in a deferral state such as Connecticut, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts. Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000). CFEPA requires that a complainant file the administrative charge with the CCHRO within 180 days of the alleged discriminatory act. Conn. Gen. Stat. § 46a-82e. Whether certain alleged conduct is time barred varies according to whether the allegation is relevant to a theory of hostile environment or disparate treatment. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). Plaintiff's brief states that she has alleged "both hostile environment claims as well as claims of a pattern and practice of discrimination." The Court construes the complaint as alleging claims for disparate treatment and hostile environment based on plaintiff's gender and religion.

Disparate Treatment based on Gender and Religion

The Supreme Court has instructed that "strict adherence to the procedural requirements by the legislature is the best guarantee of the evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). An employer performs a separate employment practice each time it takes adverse action against an employee, even if the action is simply a periodic implementation of an adverse decision previously made. See Ledbetter v. The Goodyear Tire & Rubber Co. Inc., 127 S.Ct. 2162, 2169 (2007) (charging period ran from time when the alleged intentional discrimination occurred, not from the date when effects of practice were felt).

Plaintiff counters that the discriminatory incidents constitute a continuing violation. The continuing violation exception provides that an event occurring within the

charging period may implicate and thereby render timely incidents otherwise outside of the charging period. Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993). A continuing violation occurs where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice. Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994).

Taking the allegations of the complaint as true, plaintiff notified Human Resources of Armstrong's conduct in March 2001, but the BHA permitted Armstrong's discriminatory conduct to continue. Construing all inferences of fact most favorably to plaintiff for purposes of ruling on this motion, BHA's failure to remedy the alleged discriminatory conduct constitutes an intentional policy or practice, qualifying for the continuing violation exception. Accordingly, the Court finds that only plaintiff's allegations of conduct occurring prior to March 2001 are time barred. With respect to plaintiff's remaining allegations, the Court will leave her to her proof that such continuing violations exist.

Religious and Sexual Hostile Environment

Plaintiff's allegations relevant to her hostile environment claims are not time barred. As the Supreme Court explained:

> Hostile environment claims are different in kind from discrete acts. The "unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.

Id. at 115. Provided that an act contributing to the claim occurs within the filing period, the entire period of the hostile environment may be considered by a court for the purposes of determining liability. Id. at 117.

In this instance, plaintiff alleges that Armstrong engaged in conduct contributing to a religious and sexual hostile environment during the entire period of her employment. The most egregious incident occurred in August 2005 when Armstrong allegedly kissed plaintiff's neck. Since this conduct may be construed as contributing to a hostile environment based on plaintiff's sex and her religious status as a celibate Christian, the Court finds that plaintiff's hostile environment claims are not time barred.

### Insufficient Allegations

Defendants urge dismissal of this action, arguing that plaintiff cannot establish the essential elements of her Title VII and CFEPA claims of sexual and religious discrimination.

The Second Circuit, following Swirkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), confirmed that a plaintiff need not establish a prima facie case of discrimination in the complaint in order to survive a motion to dismiss. Leibowitz v. Cornell University, 445 F.3d 586 (2d Cir. 2006). The Title VII prima facie case is an evidentiary standard, not a pleading requirement. Swierkiewicz., 534 U.S. at 510.

In this instance, plaintiff's allegations may be construed to state that her treatment at work was motivated by a discriminatory animus towards her religion and gender and that she suffered adverse employment action. Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000). She has sufficiently alleged that the treatment

altered her working conditions to establish a hostile environment claim.  Briones v. Runyon, 101 F. 3d 287, 291 (2d Cir. 1996).   Accordingly, plaintiff has sufficiently satisfied the notice pleading standard of Federal Rule of Civil Procedure 8(a).  The motion to dismiss will be denied on this basis.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss [doc. #8] is GRANTED in part.   The motion to dismiss is granted only as to plaintiff's allegations of disparate treatment occurring prior to March 2001, which are time barred.


_____/s/_____

Warren W. Eginton, Senior U.S. District Judge

Dated at Bridgeport, Connecticut this _7th__th day of November, 2007.