UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LORI RODRIGUEZ            :
                          :
v.                        :  CIV. NO. 3:07CV200 (WWE)
                          :
NICHOLAS CALACE,          :
BERNAVIN ARMSTRONG and    :
BRIDGEPORT HOUSING AUTHORITY, :

DISCOVERY RULING RE: EX PARTE CONTACT WITH BHA EMPLOYEES

Lori Rodriguez brings this employment discrimination law suit against her employer, the Bridgeport Housing Authority ("BHA"); its Executive Director, Nicholas Calace, and her direct supervisor, Bernavin Armstrong.

Plaintiff's counsel seeks permission to contact BHA employees ex parte to determine whether they have relevant information to support her claims.[1]

Rule 4.2 of the Rules of Professional Conduct states,

> In representing a client, lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of

---

[1] The Court requested that plaintiff's counsel provide a list of the employees they want to contact ex parte along with the employee's job title, identifying the information that the employee may have regarding plaintiff's claims. Defendant BHA provided a list of managerial employees it believes should not be contacted ex parte under rule 4.2 of the Rules of Professional Conduct. The employee lists were provided to the Court for in camera review.

> the other lawyer or is authorized by law to
> do so.

Commentary to Rule 4.2 states in relevant part,

> In the case of an organization, this Rule
> prohibits communications by a lawyer for one
> party concerning the matter in representation
> with persons having a managerial
> responsibility on behalf of the organization,
> and with any other person whose act or
> omission in connection with that matter may
> be imputed to the organization for purposes
> of civil or criminal liability or whose
> statement may constitute an admission on the
> part of the organization.

<u>Twenty Seven BHA Employees</u>

Plaintiff submitted a list of twenty-seven BHA employees that she contends may have relevant information regarding the claims in this law suit. To avoid the expense of costly depositions, plaintiff seek leave to contact these BHA employees to determine whether they have information that supports her claim of employment discrimination.

Plaintiff has deposed the defendant Bernavin Armstrong, and two others [Page 2, Line 20 and Page 3, Line 24], who are included on the list of people whom plaintiff would like to contact <u>ex parte</u>, but not listed on defendants' Exhibit A. Accordingly, the motion is **DENIED** as moot as to these three employees, unless plaintiff can make a showing as to why further inquiry is warranted of the two non-defendant witnesses.

Attorney William Clarke is also listed by plaintiff. Clarke conducted the investigation of Ms. Rodriguez's claims for BHA. BHA raises a privilege objection. Clarke's investigation notes

were provided in lieu of ex parte contact. Plaintiff's motion is **DENIED** as to Attorney William Clarke on the current record.

Plaintiff also lists another defendant, Executive Director Nicholas Calace. Not only is Calace a defendant, he is also Executive Director of BHA. Accordingly, plaintiff's motion is **DENIED** as to defendant Calace.

Plaintiff's motion is **DENIED** on the current record as to the following BHA managerial employees: (1) Blanca Carrasquillo, Site Manager; (2) Alan Cashmore, Director of IT; (3) Robbi Dunn, Site Manager; (4) Loretta Fuller, Site Manager; (5) Raymond Matos, Maintenance Administrator; (6) Raphael Villegras, Chief of Security; and (7) Tracey Zennis, Site Manager. Theses seven employees were designated by defendants as managerial employees as to whom ex parte contact would not be allowed under the Rules of Professional Conduct.

Since these seven employees are on both lists, if plaintiff wish to be heard further, the Court can conduct a further inquiry into whether one or more of the designated individuals meets the tests set out in the commentary to Rule 4.2.

The remaining prospective witnesses on plaintiff's list are not designated by defendants as current employees as to whom an ex parte contact would be improper. These employees are listed on lines 3, 8 and 9 of page 1 of plaintiff's chart; lines 11, 12, 13, 14, 15 16, 18, 19, 21 and 22 on page 2, and line 26 on page 3. Those whose job titles seem to indicate they have/had

managerial responsibilities are identified on

 Page 1, Line 9

 Page 2, line 12

 Page 2, Line 15.

On the current record, plaintiff's motion is DENIED as to these three employees.

There is no basis in the current record to preclude plaintiff's counsel from <u>ex parte</u> contact with the employees or former employees identified as follows on plaintiff's list:

 Page 1, Line 3

 Page 1, Line 8

 Page 2, Line 11

 Page 2, Line 13

 Page 2, Line 14

 Page 2, Line 16

 Page 2, Line 18

 Page 2, Line 19

 Page 2, Line 21

 Page 2, Line 22

 Page 2, Line 26

The Court will provide a copy of this order with the names included to plaintiff's counsel on request.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    SO ORDERED at Bridgeport this 20th day of June 2011.

                                  ___/s/_____
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE