```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                      :
LORI RODRIGUEZ                        :
                                      :
                                      :
v.                                    :   CIV. NO. 3:07CV200 (WWE)
                                      :
NICHOLAS CALACE,                      :
BERNAVIN ARMSTRONG and                :
BRIDGEPORT HOUSING AUTHORITY,         :
                                      :
                                      :
                                      :
                                      :
```

### FOLLOW-UP RULING ON DEFENDANTS' MOTION TO COMPEL

Lori Rodriguez brings this employment discrimination law suit against her employer, the Bridgeport Housing Authority ("BHA"); its Executive Director, Nicholas Calace, and her direct supervisor, Bernavin Armstrong. On October 7, 2011, the Court granted defendants' Motion to Compel and ordered plaintiff to provide supplemental documents in response to defendants' First Set of Interrogatories and Requests for Production dated May 20, 2009. **[Doc. #65].** Specifically, plaintiff was ordered to provide defendants with supplemental production in response to Interrogatory No. 39 and Request for Production No. 2, which state:

> Interrogatory No. 39: Identify each and every
> doctor, hospital, psychologist, and/or
> psychiatrist from whom you sought or received
> treatment for emotional distress, physical
> upset, mental anguish, humiliation,
> embarrassment and/or loss of enjoyment of
> life, from 1998 through the present. For each

1

>   provider, please include whether a report was prepared and the date(s) treatment was sought or received.
>
>   Request for Production No.2: Produce complete copies of any reports, notes, bills, communications, labs or other tangible material concerning any consultation or treatment with any health care provider for injuries identified in response to any interrogatory.

On October 24, 2011, a telephone status conference was held. Defendants reported that plaintiff's production is incomplete. After consideration, it is hereby ordered that plaintiff will

1. Provide all the medical records to defendants, including medical records from the 2007 workers comp proceedings. All the documents will be Bates Stamped using consecutive numbering. Plaintiff will provide defendants with these medical records **no later than November 7, 2011** or plaintiff may be precluded from relying on these records at trial without showing good cause for delay.

2. Specifically, plaintiff will provide medical records from Dr. Kahalid, Dr. Mahajan, Dr. Graham, Bridgeport Hospital, Astoria Park VNA of Stratford, VNA of Bridgeport and the 2007 workers comp proceedings. If the documents have already been provided, plaintiff will list them by Bates numbers. If there are no responsive documents, after a good faith effort to

      locate them, plaintiff will so state under oath.

3. The Court denied defendants' earlier request for Rule 37 sanctions without prejudice. Plaintiff is on notice that defendants may move to preclude any testimony and/or treating records that were not produced during discovery and may seek further sanctions, including dismissal of this case. Plaintiff's counsel will provide his client with a copy of this ruling and advise her that sanctions may be entered if this order is not complied with in a timely manner. Plaintiff is further advised that this case cannot go to trial until fact discovery is closed and depositions are completed. Defendants are unable to schedule depositions until plaintiff has provided copies of all of her medical records.

4. The parties are reminded of their on-going duty to supplement or correct disclosures or responses under Fed. R. Civ. P. 26(e).[1]

---

[1] Fed. R. Civ. P 25(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise

5.  Plaintiff will provide these documents no later than **November 7, 2011.** The parties are directed to contact the Court if there is <u>any</u> delay in complying with these deadlines.

6.  A telephone status conference will be held on **November 16, 2011 at 11:00AM.**

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 26th day of October 2011.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

been made known to the other parties during the discovery process or in writing;