```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                    :
LORI RODRIGUEZ                      :
                                    :
                                    :
v.                                  :   CIV. NO. 3:07CV200 (WWE)
                                    :
NICHOLAS CALACE,                    :
BERNAVIN ARMSTRONG and              :
BRIDGEPORT HOUSING AUTHORITY,       :
                                    :
                                    :
                                    :
                                    :
```

FOLLOW-UP RULING ON DEFENDANTS' MOTION TO COMPEL

Lori Rodriguez brings this employment discrimination law suit against her employer, the Bridgeport Housing Authority ("BHA"); its Executive Director, Nicholas Calace, and her direct supervisor, Bernavin Armstrong. Pending is defendants' Motion to Enforce **[Doc. #77]** the Court's Rulings and Orders dated October 7 and 24, 2011. [Doc. ##72, 75].

On October 7, 2011, the Court granted defendants' Motion to Compel and ordered plaintiff to provide supplemental documents in response to defendants' First Set of Interrogatories and Requests for Production dated May 20, 2009. **[Doc. #72]**. Specifically, plaintiff was ordered to provide defendants with supplemental production in response to Interrogatory No. 39 and Request for Production No. 2, which state:

1

>Interrogatory No. 39: Identify each and every doctor, hospital, psychologist, and/or psychiatrist from whom you sought or received treatment for emotional distress, physical upset, mental anguish, humiliation, embarrassment and/or loss of enjoyment of life, from 1998 through the present. For each provider, please include whether a report was prepared and the date(s) treatment was sought or received.
>
>Request for Production No.2: Produce complete copies of any reports, notes, bills, communications, labs or other tangible material concerning any consultation or treatment with any health care provider for injuries identified in response to any interrogatory.

On October 24, 2011, a telephone status conference was held. Defendants reported that plaintiff's production was incomplete. The Court issued a Follow-Up Ruling and Order on October 24, 2011. [Doc. #75].

On November 16, 2011, a telephone status conference was held. Defendants reported that plaintiff did not comply with the Court's October 7 and 24, 2011 Rulings and Orders.  Defendants made an oral motion to enforce the Court's prior rulings and orders. **[Doc. #77]**.  Defendant's Motion to Enforce **[Doc. #77]** is **GRANTED**. It is hereby ordered that plaintiff will,

1.  Provide all the medical records to defendants, including medical records from the 2007 workers comp proceedings. All the documents will be Bates Stamped using consecutive numbering.  Plaintiff will provide

>    defendants with these medical records **no later than Monday, November 21, 2011** or plaintiff may be precluded from relying on these records at trial without showing good cause for the delay.

2.  Specifically, plaintiff will provide medical records from Dr. Kahalid, Dr. Mahajan, Dr. Graham, Bridgeport Hospital, Astoria Park VNA of Stratford, VNA of Bridgeport and the 2007 workers comp proceedings. If the documents have already been provided, plaintiff will list them by Bates numbers. If there are no responsive documents, after a good faith effort to locate them, plaintiff will so state under oath. Plaintiff will provide such an affidavit **no later than Monday, November 21, 2011.**

3.  The Court denied defendants' earlier request for Rule 37 sanctions without prejudice. Plaintiff is on notice that defendants may move to preclude any testimony about treating records that were not produced during discovery and may seek further sanctions, including dismissal of this case. Plaintiff's counsel will provide his client with a copy of this ruling and advise her of the sanctions that may be entered if this order is not complied with. Plaintiff is further advised that this case cannot go to trial until fact

       depositions are completed and discovery is closed. Defendants are unable to schedule depositions until they have copies of all of plaintiff's medical records. Plaintiff's counsel may contact the Court to schedule a hearing with their client to advise her of the ramifications of failing to comply with the Court's rulings and orders, or cooperate to conclude discovery.

4. The parties are reminded of their on-going duty to supplement or correct disclosures or responses under Fed. R. Civ. P. 26(e). Medical records already disclosed must be supplemented or updated by December 5, 2011.

5. Plaintiff will provide these documents no later than **Monday, November 21, 2011**. The parties are directed to contact the Court if there is **ANY** delay in complying with these deadlines. An extension will only be granted on a showing of good cause.

6. A telephone status conference will be held on **November 30, 2011 at 11:00AM**.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it

is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 16th day of November 2011.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE