```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                      :
LORI RODRIGUEZ                        :
                                      :
                                      :
v.                                    :   CIV. NO. 3:07CV200 (WWE)
                                      :
NICHOLAS CALACE,                      :
BERNAVIN ARMSTRONG and                :
BRIDGEPORT HOUSING AUTHORITY,         :
                                      :
                                      :
                                      :
                                      :
```

<u>RULING ON DEFENDANTS' MOTION FOR SANCTIONS</u>

Lori Rodriguez brings this employment discrimination law suit against her employer, the Bridgeport Housing Authority ("BHA"); its Executive Director, Nicholas Calace, and her direct supervisor, Bernavin Armstrong.

On October 7, 2011, the Court issued a ruling and order granting defendants' Motion to Compel. [Doc. #72]. At that time, the Court denied defendants' request for Rule 37 sanctions without prejudice stating, "Defendants may move to preclude any testimony and/or treating records that were not produced during discovery." [Doc. #72 at 3]. On October 24, 2011, a telephone conference was held at the request of defendants' counsel seeking enforcement of the Court's ruling. [Doc. #74]. On October 26, 2011, a follow-up ruling was filed. [Doc. #75]. On November 16, 2011, a telephone conference was held at the request of defendants' counsel seeking enforcement of the Court's ruling.

1

[Doc. #78].  Defendants brought an oral Motion to Enforce the Court's ruling on the Motion to Compel. [Doc. #77].  On November 16, 2011, a follow-up ruling was filed granting defendants' Motion to Enforce. [Doc. #80].  On November 30, 2011, a telephone conference was held at the request of defendants' counsel, seeking enforcement of the Court's ruling. [Doc. #81]. Defendants filed a Motion for Sanctions on December 6, 2011. [Doc. #85], renewing their request for sanctions.  On December 7, 2011, the Court held a telephone conference to address defendants' Motion for Sanctions [Doc. #80].  After careful consideration of the parties' positions, the Court rules as follows.

    Based on the representations of plaintiff's counsel, defendants may be assured that all documents on which plaintiff will rely with respect to medical treatment to date have been provided.  Absent extraordinary cause shown by plaintiff, plaintiff will not be permitted to elicit testimony concerning any treatment or provider not reflected in the records produced to date.  To the extent that Interrogatory No.39 and Request for Production No. 2 request "reports, notes, bills, communications, labs or other tangible material concerning any consultation or treatment with any health care provider for injuries . . . " which have not been provided, defendants are entitled to rely on the representation that no such records will be relied on by plaintiff.

Accordingly, defendant' Motion for Sanctions is **GRANTED** in accordance with this ruling. **[Doc. #85]**. Defendants' request for costs incurred seeking enforcement of the Court's October 7, 2011, ruling up to the filing of the Motion for Sanctions is **GRANTED**. Defendants' request for costs incurred in bringing this Motion for Sanctions is **DENIED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 4th day of January 2012.

___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

3