UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI RODRIGUEZ | : |
| | : |
| v. | : CIV. NO. 3:07CV200 (WWE) |
| | : |
| NICHOLAS CALACE, | : |
| BERNAVIN ARMSTRONG and | : |
| BRIDGEPORT HOUSING AUTHORITY, | : |
| | : |

<u>RULING ON DEFENDANTS' MOTION TO DISMISS/SANCTIONS</u>

Lori Rodriguez brings this employment discrimination law suit against her employer, the Bridgeport Housing Authority ("BHA"); its Executive Director, Nicholas Calace, and her direct supervisor, Bernavin Armstrong.

On August 9, 2012, a status conference was held to address defendants' oral motion to dismiss and for sanctions. [Doc. #112].

Defendants have moved to dismiss the complaint for plaintiff's failure to comply with defendants' discovery requests and this court's discovery orders. The defendants further argue that plaintiff's most recent supplemental disclosures expand the scope of plaintiff's claims, and that defendants have been severely prejudiced by the late disclosure and nondisclosure of medical information and the identity of witnesses.

After careful consideration, the Court declines to dismiss the complaint. Instead, to remedy the prejudice to defendants,

the Court will limit the scope of plaintiff's claims to the following issues:

- Was the plaintiff sexually harassed at work?
- If so, did the sexual harassment cause her to suffer a stroke/conversion event on January 7, 2009?

The Court will preclude plaintiff from arguing for or recovering emotional distress damages arising from either the alleged sexual harassment or the January 7, 2009 medical incident.

<u>Defendants' Letter dated August 29, 2012</u>

On August 9, plaintiff was ordered to produce all outstanding medical/pharmacy records to defendants by 9:00AM by Monday, August 13, 2012. [Defs. Let. Dated 8/9/12 at 4]. On August 29, 2012, defendants notified the Court that the parties exchanged some documents. However, defendants identified seven outstanding production requests that remain outstanding and sought leave to file a motion requesting additional sanctions, including dismissal of the case. Defendants' Motion for Leave to File a formal motion to dismiss is **GRANTED.**

<u>CONCLUSION</u>

Accordingly, defendant's oral Motion to Dismiss the Complaint and for Sanctions **[Doc. #112]** is **GRANTED in part and DENIED in part**, consistent with this ruling and order. Plaintiff is precluded from arguing for or recovering emotional distress damages arising from either the alleged sexual harassment or the January 7, 2009 medical incident.

Defendants' Motion for Leave to File a formal motion to dismiss is **GRANTED**. Defendants will file their motion within twenty-one days.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 25th day of September 2012.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE